# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50016 | **DATE** | 8/5/2011 |
| **CASE TITLE** | Maggio, et al. vs. FDIC, as Receiver for Amcore Bank, N.A. | | |

**DOCKET ENTRY TEXT:**

Motion by defendant FDIC to adopt state court judgment [18] is granted. Count II of the Maggio plaintiffs' complaint, Winnebago County Case No. 09 CH 537, is dismissed with prejudice, and the court directs the clerk to enter a final judgment on that count in favor of FDIC, as Receiver for Amcore Bank, N.A., pursuant to Rule 54(b). Motion by defendant Blackhawk State Bank to sever and remand [21] is granted. The claim against FDIC is severed from the remaining claims in the consolidated action. Because this court lacks jurisdiction over the remaining claims in Winnebago County Case Nos. 09 CH 537 and 09 CH 639, those actions are remanded to state court pursuant to 28 U.S.C. § 1447(c). Having disposed of all the claims pending before this court, this case is closed.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Currently before the court, in a rather unique procedural posture, are two cases originally filed in state court and then consolidated, that have been removed to this court pursuant to 12 U.S.C. § 1819 after the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for Amcore Bank, N.A. ("Amcore") and substituted as a party in one of the underlying lawsuits. Following the removal, FDIC filed a motion asking this court to adopt a judgment entered by the state court dismissing the only claim against Amcore and to enter final judgment on the claim pursuant to Federal Rule of Civil Procedure 54(b) so that it can be restored to the same procedural posture it was in before the removal. Blackhawk State Bank ("Blackhawk"), which is a defendant in one of the lawsuits and the plaintiff in the other one, has filed a motion asking this court to sever the two cases and remand the original case it had brought back to state court. For the reasons that follow, the court grants the motion to adopt judgment. The court also grants the motion to sever and remand, although on slightly different terms than requested.

## I. BACKGROUND

In the first lawsuit, plaintiff Martin Maggio and Maggio Truck Center filed a two-count amended complaint against defendants Alan Beilke, Gayle Beilke, Michael Okun, Pete Wetzel, Blackhawk, and Amcore. In Count I, plaintiffs alleged that, on April 30, 2007, Maggio and the Beilke's entered into an oral agreement for Maggio to purchase certain real estate from the Beilke's for the sum of $825,000. On May 31, 2007, Maggio transferred the sum of $825,000 to the Beilke's, and on June 7, 2007, the parties reduced their previous oral agreement to writing by signing a written contract for the purchase and sale of the property. Thereafter, the Beilke's refused and failed to convey the property to Maggio, and on February 22, 2008, Maggio recorded a

vendee's lien for the sum of $825,000 against the property. In Count I, plaintiffs seek to foreclose the vendee's lien, order a judicial sale of the property, and terminate the following interests in the real estate: Pete Wetzel, as tenant; Blackhawk, by virtue of two separate mortgages from 2005 to secure an amount of approximately $625,000 total; and Michael Okun, as current owner by virtue of a quit claim deed from the Beilke's dated May 18, 2007, and recorded February 25, 2008.[1]

In Count II of the Maggio complaint, which is only brought against Amcore, plaintiffs alleged that Maggio Truck Center issued a check, payable to the order of Alan Beilke, in the amount of $425,000 for payment of a portion of the $825,000 purchase price for the aforementioned property. According to plaintiffs, Amcore, as drawee, accepted the check without proper endorsement and improperly paid on the check, in violation of 810 ILCS 5/4-401.

In a second lawsuit, Blackhawk filed a comprehensive complaint against defendants Al's Motorhome & Trailer Sales, Inc., Alan Beilke, Gayle Beilke, Michael Oken, Denise Haskell, Martin Maggio, Unknown Others and Non-Record Claimants, Textron Financial Corporation, and Country Coach, Inc., seeking to foreclose against the Bielke's on three separate mortgages it held (Counts I-III); alleging a breach of two commercial loan agreements against Al's Motorhome (Counts IV-V); alleging a breach of a personal guaranty against Alan Bielke, Gayle Bielke, and Michael Okun (Counts VI-VIII); and seeking to foreclose on a commercial security agreement against Al's Motorhome (Count IX). Amcore was not named as a defendant in the Blackhawk lawsuit.

In state court, the two cases were consolidated because they involved related property and some of the same defendants. Thereafter, the state court granted Amcore's motion to dismiss Count II of the Maggio complaint and dismissed the claim with prejudice pursuant to both sections 2-615 and 2-619 of the Illinois Code of Civil Procedure. The court also found that, pursuant to Illinois Supreme Court Rule 304(a), there was no just reason to delay enforcement or appeal of the order. The Maggio plaintiffs appealed the dismissal of their claims against Amcore, and the appeal was pending in the Illinois appellate court when this case was removed here by FDIC.

## II. DISCUSSION

### A. Motion to Adopt

In its motion to adopt, FDIC asks this court to adopt the state court judgment dismissing Amcore as its own and enter a final judgment pursuant to Rule 54(b). In cases such as this one where the FDIC removes a case that is pending on appeal, FDIC's suggested approach is consistent with Seventh Circuit precedent. See Reilly v. Waukesha Cnty., Wis., 993 F.2d 1284, 1287 (7th Cir. 1993) ("Removal in mid-appeal is an unsettling procedure, but once we accept that Congress has authorized this step, there is no reason to require busy federal district judges to revisit questions resolved before removal." (citation omitted)); see also Johnson v. Burken, 930 F.2d 1202, 1207 (7th Cir. 1991) ("[T]he district judge was entitled not to reexamine the state judge's ruling."). Moreover, in his response to the motion, Maggio has indicated that he has no objection to the motion with respect to the state court order dismissing the claim against Amcore.[2] Accordingly, FDIC's unopposed motion is granted, Count II of Maggio's complaint is dismissed with prejudice, and the court directs entry of a final judgment on that count pursuant to Rule 54(b). To avoid any confusion, the Maggio plaintiffs should file a notice of appeal within the time limits set forth in Rule 4 of the Federal Rules of Appellate Procedure in order to pursue their appeal of the dismissal.

### B. Motion to Sever and Remand

In its motion to sever and remand, Blackhawk argues that the claims against it in the Maggio complaint have already been dismissed by the state court. Therefore, according to plaintiff, there is no longer any basis for the two underlying cases to be consolidated, and Blackhawk asks this court to sever its original foreclosure and collection action from the Maggio case, pursuant to Federal Rule of Civil Procedure 21, and to remand that action

| STATEMENT |
|---|

back to state court. Maggio opposes the motion, contending that the dismissal of the claims against Blackhawk never became final because a written judgment was not entered, that Blackhawk is still a party in its case, and that the actions should remain consolidated for the same reasons they were joined in the first instance.

Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 provides, in relevant part, that the court may sever any claim against a party in order to correct a misjoinder of parties. Fed. R. Civ. P. 21. The Seventh Circuit has explained that "a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are discrete and separate. In other words, one claim must be capable of resolution despite the outcome of the other claim." Gaffney v. Riverboat Servs. of Ind., Inc., 451 F.3d 424, 442 (7th Cir. 2006) (citation and quotation marks omitted).

In this case, the court finds that the claim against Amcore in Count II of the Maggio complaint is misjoined with the claim in Count I seeking to foreclose on the vendee's lien. Although it is true that both claims arise out of the same series of transactions or occurrences and, therefore, are somewhat related, the claim against Amcore for improperly paying on a check is separate and discrete from a determination of the validity of Maggio's vendee's lien. The claim against Amcore can be resolved completely independently from the claim seeking foreclosure of Maggio's vendee's lien, as is evident by the state court's ruling under Rule 304(a) that there was no just reason to delay enforcement or appeal of the order. Moreover, the claim against Amcore is also separate and distinct from the claims raised in Blackhawk's foreclosure and collection action.

Based on the foregoing, the court finds that the claim against Amcore in Count II of the Maggio complaint should be severed from the remaining counts in the consolidated action. Once those claims are severed, there will be no basis for this court to exercise jurisdiction over any of the pending foreclosure and collections claims. Thus, the court will remand the remainder of the consolidated action back to state court for further proceedings.[3] See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

Based on the foregoing, the court grants FDIC's motion to adopt and directs the clerk to enter a final order dismissing with prejudice the claim against FDIC, as Receiver for Amcore Bank, N.A., raised in Count II of the Maggio complaint, Winnebago County Case No. 09 CH 537. Pursuant to Rule 21, the claim against FDIC is severed from the remaining claims in the consolidated action. Because this court lacks jurisdiction over the remaining claims in Winnebago County Case Nos. 09 CH 537 and 09 CH 639, those actions are remanded to state court pursuant to 28 U.S.C. § 1447(c). Having disposed of all the claims pending before this court, this case is closed.

---

1. The court notes that the quit claim deed was allegedly dated after the oral agreement between Maggio and the Bielke's but before the written contract and transfer of money. In any event, the mortgages held by Blackhawk State Bank appear to precede the interests of both Maggio and Okun.

2. Maggio does object to this court adopting an oral decision of the state court judge dismissing Blackhawk from Count I of the Maggio complaint because no written judgment was ever filed. This objection is noted, but it has no bearing on FDIC's request for this court to adopt the judgment of the state court with respect to the dismissal of Amcore.

3. The court expresses no opinion on whether the oral decision granting Blackhawk's motion to dismiss was a final and appealable order, or whether a written judgment needs to be filed first. That issue, which likely will involve an interpretation of Illinois Supreme Court Rules, is best resolved by the state court.